UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JASON SENECA** | * | **CIVIL ACTION NO.** |
| | * | **3:23-cv-109** |
| **VERSUS** | * | |
| | * | |
| **METROPOLITAN LIFE** | * | |
| **INSURANCE COMPANY** | * | |
| | * | |

## COMPLAINT

### I. PARTIES

1. Plaintiff, **JASON SENECA**, is a person of the full age of majority, and a resident of West Baton Rouge Parish, Louisiana.

2. Defendant, **METROPOLITAN LIFE INSURANCE COMPANY ("METLIFE")**, is a foreign corporation authorized to do and doing business in the State of Louisiana in this judicial district.

### II. JURISDICTION & VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this suit involves questions of federal law, namely the Employees Retirement Income Security Act of 1974 ("ERISA").

4. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this district.

### III.  FACTS & ALLEGATIONS

5. The Group Long Term Disability Plan for Employees of HP, Inc. ("the Plan", not a party) is an employee benefit plan, created, established, sponsored, administered and funded by HP, Inc.

6. Plaintiff is a former employee of HP, Inc. and was at all relevant times a plan participant of the Plan and at all times qualified as a beneficiary under the Plan.

7. Defendant, **METLIFE**, acted at all times as a fiduciary of the Plan by virtue of being under contract with the Plan, the Plan Administrator of the Plan, and HP, Inc. to act as claims administrator for the Plan, determine eligibility for benefits under the Plan, and provide insurance for disability and life insurance waiver of premium benefit payment obligations under the Plan through a policy of insurance ("the Policy").

8. Among other benefits, the Plan and Policy provided disability benefits and life insurance waiver of premium benefits.

9. Plaintiff has been since prior to March 1, 2018, remains to date and is expected to remain indefinitely disabled from any occupation and entitled to disability benefits under the terms of the Plan and Policy due to diverticulitis, sigmoid colon resection, fecal incontinence, cystourethroscopy, complications thereof and required medications.

10. Despite receiving overwhelming proof that Plaintiff remained qualified for benefits under the Plan and Policy terms, Defendant, **METLIFE**, prematurely, arbitrarily and capriciously misinterpreted the Plan's and Policy's terms and provisions and made erroneous factual findings to discontinue and deny Plaintiff's benefits.

11. Plaintiff has exhausted all required administrative remedies prior to filing this lawsuit.

12. Plaintiff has incurred attorney's fees in order to pursue rights to benefits from the Plan.

13. Plaintiff is entitled to judgment awarding disability and life insurance waiver of premium benefits owed under the terms of the Plan from Defendant, **METLIFE**.

14. Plaintiff is entitled to judgment awarding reasonable attorney fees incurred in pursuit of these claims from Defendant, **METLIFE**.

**WHEREFORE**, Plaintiff, **JASON SENECA**, prays for judgment against Defendant, **METROPOLITAN LIFE INSURANCE COMPANY**, as follows:

1. For all disability and life insurance waiver of premium benefits due Plaintiff in the past and future under terms of the Plan, plus pre- and post-judgment interest;

2. For all reasonable attorney's fees;

3. For costs of suit; and

4. For all other relief as the facts and law may warrant.

Respectfully Submitted,

s/J. Price McNamara

_____
**J. PRICE McNAMARA (20291)**
10455 Jefferson Highway, Ste. 2B
Baton Rouge, LA 70809
Telephone: 225-201-8311
Facsimile: 225-612-6973
Email:  price@jpricemcnamara.com
Attorney for Complainant

**SERVICE**
Complaint will be served upon agent for service for defendant(s) by
Certified Mail with request for Waiver of Service of Summons.